IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TRENA GAMBLE,<br><br>                    Plaintiff,<br><br>v.<br><br>CARL JENKINS and LASHAWN JENKINS,<br><br>                    Defendants. | 1:16-cv-3026-WSD |

**OPINION AND ORDER**

On August 18, 2016, Defendants Carl Jenkins and LaShawn Jenkins ("Defendants") filed their Notice of Removal [1]. Defendants seek to remove an action from the Magistrate Court of Gwinnett County. In the Complaint, ([1] at 5-6), Plaintiff Trena Gamble ("Plaintiff") alleges she loaned Defendants approximately $12,000, which Defendants did not repay. She seeks repayment of the $12,000 and attorneys' fees.

Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." Arbaugh v. Y&H Corp., 546 U.S. 500, 501 (2006). The Eleventh Circuit consistently has held that "a court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings. Indeed, it is well

settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999).

Defendants assert that the Court has federal question jurisdiction over this action. The Complaint, however, does not assert any federal claims. Defendants suggest the Court has jurisdiction under "federal laws and legal jurisdiction as applicable that will be legally raised." ([1] at 2). Defendants' assertion of defenses or counterclaims based on federal law cannot confer federal subject matter jurisdiction over this action. See Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 6 (2003); Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 830-32 (2002).

The Court also does not have diversity jurisdiction over this action. Diversity jurisdiction exists where the amount in controversy exceeds $75,000 and the suit is between citizens of different states. 28 U.S.C § 1332(a). "Diversity jurisdiction, as a general rule, requires complete diversity—every plaintiff must be diverse from every defendant." Palmer Hosp. Auth. of Randolph Cnty., 22 F.3d 1559, 1564 (11th Cir. 1994). Neither the Complaint nor the Notice of Removal allege that the parties are diverse. Based on the allegations in the Complaint, it appears all parties are citizens of Georgia. (See [1] at 5). Even if the parties were

diverse, the Complaint seeks only $12,000 in damages, falling well short of the $75,000 amount-in-controversy requirement under 28 U.S.C. § 1332.

Even if Defendants established the Court had jurisdiction over this action, remand would be required because Defendants' Notice of Removal is untimely. Under 28 U.S.C. § 1446, a notice of removal "shall be filed within 30 days after the receipt by the defendant . . . of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ." 28 U.S.C. §1446(b)(1). Defendants assert they were served with the summons and Complaint on May 25, 2016. ([1] at 1). Their Notice of Removal, filed on August 18, 2016, is untimely.

Because the Court lacks subject matter jurisdiction over this action, the Court remands this action to the Magistrate Court of Gwinnett County. See Travaglio v. Am. Express Co., 735 F.3d 1266, 1268-69 (district court must dismiss an action for lack of subject matter jurisdiction unless the pleadings or record evidence establish jurisdiction).

For the foregoing reasons,

**IT IS HEREBY ORDERED** that this action is **REMANDED** to the Magistrate Court of Gwinnett County, Georgia.

**SO ORDERED** this 26th day of August, 2016.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE